**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**SHANTRICE GREENE,**

**Plaintiff,**

**Case No.: 4:21-cv-139**
**On removal from the Circuit**
**Court of the Second Judicial**
**Circuit, In and for Leon**
**County, Florida, Case No.**
**2020 CA 002381**

**vs.**

**FLORIDA DEPARTMENT**
**OF HEALTH,**

**Defendant.**

_____/

### DEFENDANT'S NOTICE OF REMOVAL

The Defendant, Florida Department of Health, pursuant to the Family and

Medical Leave Act (FMLA) of 1993, codified at 29 U.S.C. §§2612, 2615 of the

United States Court for the Northern District of Florida, hereby gives notice of the

removal of an action pending in the Circuit Court of the Second Judicial Circuit, in

and for Leon County, Florida, and in support of the removal, states the following:

1.      Defendant desires to exercise their right under the provisions of Title

28 U.S.C. § 1441, et seq., to remove this action from the Circuit Court of the

Second Judicial Circuit in and for Leon County, Florida, where it is now pending

under the name and style of *Shantrice Greene v. Florida Department of Health*

1

*Case No. 2020-CA-002318* (hereinafter referred to as the Circuit Court Action).

The Circuit Court Action is of a civil nature over which the United States district

courts have been given original jurisdiction and which may be promptly removed.

See 28 U.S.C. §§ 1331 and 1441.  Specifically, Plaintiff's claim for damages

includes a federal claim under the  Family and Medical Leave Act (FMLA) of

1993, codified at 29 U.S.C. §§2612, 2615.

2.      Under the provisions of 28 U.S.C. § 1441, et seq., Defendant has the

right to remove this cause from the Circuit Court to the United States District

Court for the Northern District of Florida, Tallahassee Division, the district and

division.

3.      Plaintiff served the summonses and complaint upon the Florida

Department of Health on March 1, 2021. In accordance with the requirements of

28 U.S.C. § 1446, this petition for removal is filed within 30 days after receipt of

the initial pleading by the Defendant through service of the summonses and

complaint.

4.      Pursuant to 28 U.S.C. § 1446(a), Defendant has filed with this Notice

of Removal, true and legible copies of Plaintiff's Complaint and all process,

pleadings or orders on file in the state court as of the date of this Notice of

Removal, including copies of the following documents served upon it or which

have been filed in the Circuit Court Action:

      (a)    Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>.

      (b)    The summonses that have been served on the Defendant at the time of this filing are attached hereto as <u>Exhibit B</u>.

      (c)    Notice of Appearance on behalf of the Defendant by Henry Buchanan, P.A. served on March 9, 2021, is attached hereto as <u>Exhibit C</u>.

5.    As set forth herein, the Defendant desires and is entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, such being the district where suit is currently pending to the United States District Court for the Northern District of Florida, Tallahassee Division.

6.    Written notice of the filing of this petition will be given to the adverse party as required by law.

7.    A true copy of this petition will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law.

WHEREFORE, Defendant, Florida Department of Health, prays that this action be removed to this Court and that this Court accept jurisdiction and, henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 19th day of March, 2021.

HENRY BUCHANAN, P.A.

s/ *Dawn M. McMahon*
DAWN M. MCMAHON
Florida Bar No. 735531
dmcmahon@henryblaw.com
Jacob M. Salow
Florida Bar No. 1019760
jsalow@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:   (850) 222-2920
Facsimile:   (850) 224-0034
Attorneys for Defendant
*Florida Department of Health*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

sent via electronic mail service and U.S. Mail to Marie A. Mattox, Marie A

Mattox, P.A. 203 N. Gadsden Street, Tallahassee, Florida 32301 on this 19th day of

March 2021.

s/ *Dawn M. McMahon*
Attorney

4

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**SHANTRICE GREENE,**

  **Plaintiff,**

v.

**FLORIDA DEPARTMENT**
**OF HEALTH,**

  **Defendant.**

_____/

**CASE NO.: 20-CA-**  2020 CA 002381
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, SHANTRICE GREENE, hereby sues Defendant, FLORIDA DEPARTMENT

OF HEALTH, and alleges:

### NATURE OF THE ACTION

1.  This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes, the Florida Whistleblower Act codified at Chapter 112, Florida Statutes,

and the Family and Medical Leave Act (FMLA) of 1993, codified at 29 U.S.C. §§2612, 2615.

2.  This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.  At all times pertinent hereto, Plaintiff, SHANTRICE GREENE, has been a resident

of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her actual or perceived disability and/or record of impairment, her pregnancy and gender,

i.e., female with a child, because she took protected leave under the Family and Medical Leave

Act, and she was retaliated against after reporting Defendant's unlawful employment practices.

**EXHIBIT "A"**

Furthermore, Plaintiff is a member of a protected class due to her submission of a grievance reporting and disclosing Defendant's malfeasance, misfeasance and/or gross misconduct. Plaintiff was retaliated against after reporting Defendant's unlawful practices.

4.      At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF HEALTH, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff worked for Defendant for more than 1,250 hours in the year immediately preceding her need for leave and was employed with Defendant for more than one year.  Defendant employs more than 50 employees within a 75-mile radius.

6.      Plaintiff has satisfied all other conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, a disabled female and protected whistleblower, began her employment with Defendant on or about August 22, 2014, and held the position of Senior Pharmacist at the time of her wrongful termination on or about October 31, 2019.

8.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and/or record of impairment, her pregnancy and gender, i.e., female with a child, because she took protected leave

under the Family and Medical Leave Act (FMLA), and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

9.      The disparate treatment and retaliation came at the hands of specifically but not limited to Pharmaceutical Program Manager Danyelle Williams, an African American female, Division Director Doug Woodlief, a white male, Labor Relations Consultant Robin Rega, a white female, and Former Bureau Chief Darren Evans, an African American male.

10.      Plaintiff worked as a Senior Pharmacist at the Nurse Issuance Department of Defendant and took FMLA approved attendant care leave in order to care for her newborn child on or about June 1, 2018. She gave birth to a daughter on June 7, 2018, and was due to return on or about September 5, 2018. However, Defendant called Plaintiff multiple times while she was out on this approved leave.

11.      By way of example, Defendant contacted her on or about July 30, 2018, to discuss Plaintiff's performance review which was conducted while she was out on approved leave. Plaintiff received an unfavorable annual review from Pharmaceutical Program Manager Danyelle Williams who was Plaintiff's supervisor on paper but never directly supervised Plaintiff nor her section as Plaintiff reported directly to Bureau Chief Evans. Plaintiff complained to both Chief Evans and Defendant's Human Resources department about the evaluation.

12.      In response to Plaintiff's concerns over her unfair review, Defendant's Labor Relations Consultant Robin Rega discussed the review with Williams. Some of Plaintiff's ratings of "needs improvement" were changed to "meets expectations," yet comments were applied stating that she needed to follow the "chain of command."

3

13.     Defendant repeatedly and continually harassing Plaintiff in phone calls during this time. Defendant's actions caused Plaintiff so much stress that it sent her into post-partum depression for which she had to seek medical treatment.

14.     Plaintiff's post-partum depression and anxiety qualifies as a disability as it substantially limits one or more activities of daily living, including specifically and without limitation sleeping, concentrating, and communicating.  At all times pertinent hereto, Plaintiff was able to perform the essential functions of her position with Defendant with and/or without accommodations.

15.     Plaintiff reported to Defendant's Labor Relations Consultant Rega numerous times, starting on or around August 1, 2018, that the harassing calls were causing her stress and depression and that the calls were exacerbating her medical condition. Defendant took no corrective action, and simply sent her a flyer to her personal email about the state's Employee Assistance Program (EAP).

16.     Defendant willfully violated the FMLA when it both interfered with Plaintiff's FMLA leave and when it retaliated against her for taking protected leave under the FMLA. By way of example, while still on leave on or around August 24, 2018, Defendant cleaned out her desk. Plaintiff complained about this and questioned why and where she would be working upon her return. This whole turn of events greatly upset her during her pregnancy both physically and mentally.

17.     Moreover, sometime when Plaintiff was out on protected leave, Defendant inexplicably switched her status from being completely funded by General Revenue to being funded partially by General Revenue and partially by the AIDS Drug Assistance Program (ADAP). Defendant was aware that ADAP's funding was set to be phased out. Upon information and belief,

4

this was a calculated move by Defendant to eventually terminate Plaintiff in retaliation, in part, based on her pregnancy and gender, as well as for her taking protected FMLA leave, and for her reporting of Defendant's unlawful employment practices.

18.     Upon her return to work on September 6, 2018, Plaintiff was told by Pharmaceutical Program Manager Williams to report to the Bureau of Public Health Central Pharmacy where she would be working a completely different job. Plaintiff complied and reported to work at Central Pharmacy where she was specifically but not limited to working job duties that are generally performed by pharmacy technicians. At least nine (9) pharmacists, including but not limited to, Talya Shahid, Crystal l/n/u, Tammi Harris, Gilda Brown, Brenda Sowell-Smith, Lesley Scott, Eduardo l/n/u, Kenya Brown, and Jonathan l/n/u, told Plaintiff they were never asked to perform the sort of duties that Plaintiff was asked to perform.

19.     On or around September 13, 2018, Plaintiff reported to Labor Relations Consultant Robin Rega and Rega's supervisor Amy Graham that she felt like her FMLA leave had been violated and that she was being retaliated against for taking FMLA leave because she had been reassigned to a position that was not substantially equal in responsibility, (i.e., the responsibilities of a pharmacy technician are not substantially the same as her prior position as a pharmacist). She also stated that she opposed the changes being made to her position without being given proper notification.

20.     On or around September 13, 2018, Plaintiff requested a copy of her new position description and in review of this document, she noticed that on August 27, 2018, Pharmaceutical Program Manager Danyelle Williams had forged Plaintiff's name on the form and check marked a box that said Williams had discussed the change with Plaintiff, which was false.

21.     Plaintiff reported this forgery and falsification of documents to Equal Opportunity Manager Dee Dee McGee and Senior Investigator for the Inspector General Dwight Chastain on or around September 14, 2018, with no corrective action taken.

22.     Instead, on or around September 21, 2018, Defendant made Plaintiff report to a meeting where Pharmaceutical Program Manager Danyelle Williams, Division Director Doug Woodlief, Labor Relations Consultant Robin Rega, and Former Bureau Chief Darren Evans, were all present.

23.     Defendant told Plaintiff that the purpose of the meeting was to discuss her reaching out to Human Resources. Plaintiff responded that she felt very uncomfortable and requested that she have her lawyer present. Former Bureau Chief Darren Evans stated that she wasn't in trouble. Plaintiff stated that she felt like she was being retaliated against and that her job was in jeopardy with all the changes without notifications.

24.     On or around February 7, 2019, Defendant wrongfully terminated three career service employees, Pharmacist Brenda Sowell-Smith, Warehouse Technician David Miller, and Warehouse Technician Shunta Jefferson, for which they eventually filed suit against Defendant.

25.     On or around June 20, 2019, Plaintiff filled out and submitted an affidavit on behalf of Sowell-Smith in regard to her wrongful termination based on her age (older than sixty (60) years old). Defendant retaliated against Plaintiff for this whistle-blowing by terminating her, in part.

26.     On October 14, 2019, Plaintiff was notified that she was being terminated on October 31, 2019 for the contrived reason that there was workforce reduction due to the loss of one of the major funding programs, AIDS Drug Assistance Program (ADAP), but Plaintiff was only partially funded by this program. Moreover, Defendant allowed other pharmacists, who were either partially or wholly funded by ADAP yet who had either not gotten pregnant nor taken FMLA

leave, or had not signed an affidavit attesting to Defendant's unlawful employment practices, to keep their jobs.

27.     By way of example, Pharmacist Gilda Brown was partially funded by ADAP, but did not get pregnant and did not take FMLA leave, and was not fired.  By way of further example, Pharmacists Talya Shahid, Tammi Harris, and Crystal l/n/u, were all contract pharmacists fully funded by ADAP, but had not signed an affidavit attesting to Defendant's unlawful employment practices, and were not fired.

28.     Because Plaintiff was terminated based on contrived allegations, her termination was based, at least in part, due to her pregnancy and gender, i.e., female with a child, in retaliation for taking protected FMLA leave, and in retaliation for her reporting of Defendant's unlawful employment practices.

29.     As a direct result of the extreme stress that Defendant's actions, including but not limited to her termination, have caused Plaintiff, she has also suffered the loss of her marriage. Her divorce proceedings are pending.

30.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## PREGNANCY/GENDER DISCRIMINATION

31.     Paragraphs 1 through 30 are incorporated herein by reference.

32.     This count sets forth a claim against Defendant for discrimination based on pregnancy and/or gender.

33.     Defendant, through its agents, apparent agents, and employees, because of Plaintiff's pregnancy and/or gender targeted her.  Defendant took retaliation against Plaintiff because of her pregnancy and/or gender.

34.     There is no legitimate reason that has been presented, nor can there be any legitimate reason, for the adverse treatment of Plaintiff.

35.     Defendant harbored ill-motives and intent to cause disparate and discriminatory treatment of Plaintiff.

36.     Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant.  The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff resulting in her termination.

37.     Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff.  In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

38.     As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury.  Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of her marriage, and other damages.  These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive and equitable relief.  Plaintiff is also entitled to punitive damages.

**COUNT II**
**DISABILITY DISCRIMINATION**

39.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

40.    This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

41.    Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

42.    Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

43.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

44.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

45.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under Americans with Disabilities Act.

46.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, loss of her marriage, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other

benefits.   These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT III
## RETALIATION – Chapter 760

47.      Paragraphs 1 through 30 are realleged and incorporated herein by reference.

48.      Defendant is an employer as that term is used under the applicable statutes referenced above.

49.      The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

50.      The foregoing unlawful actions by Defendant were purposeful.

51.      Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

52.      Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.   There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action, including without limitation her termination, taken thereafter.

53.      As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, loss of her marriage, and other tangible and intangible damages. These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT IV
## PUBLIC WHISTLEBLOWER RETALIATION

54.      Paragraphs 1 through 30 above are incorporated herein by reference.

10

55.     This count sets forth a claim against Defendant under §112.3187, et seq., Florida Statutes.

56.     Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

57.     As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of her normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported.  Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries.  Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

58.     After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation her termination.

59.     Plaintiff's suspensions, terminations, and/or being blocked from one or more positions were a direct adverse result of her reporting violations of rules, regulations or laws, and/or her reporting malfeasance, misfeasance or gross misconduct, and/or her participating in investigations, hearings or other inquiries, specified in part above.

60.     The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

61.     As a direct and proximate result of the actions taken against her by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of

11

benefits, loss of her marriage, and other tangible damages.  These damages have occurred in the past, are occurring at present and will occur in the future.  Plaintiff is entitled to injunctive relief.

## COUNT V
## VIOLATION OF THE FAMILY AND
## MEDICAL LEAVE ACT (ATTENDANT CARE)

62.     Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

63.     This is an action against Defendant for retaliating against Plaintiff due to Plaintiff's use of protected leave time as set forth more fully above. This is thus both an interference and retaliation claim.

64.     After taking protected leave to care for her newborn child, as is protected under the family care provisions of the Family and Medical Leave Act (FMLA), codified at 29 U.S.C. § 2612, Defendant harassed Plaintiff and took adverse personnel actions against Plaintiff for using leave.

65.     Plaintiff was harassed during her FMLA leave, denied rights and benefits conferred by the FMLA, demoted and terminated after taking protected leave.

66.     Defendant's violations of the FMLA were willful.

67.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided, and the loss of her marriage.  Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job.  These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

12

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 28th day of December 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

13

Filing # 118794604 E-Filed 12/28/2020 09:42:21 PM

.            .

                                                IN THE CIRCUIT COURT OF THE
                                                SECOND JUDICIAL CIRCUIT, IN AND
                                                FOR LEON COUNTY, FLORIDA

SHANTRICE GREENE,                               CASE NO.: 20-CA-        2020 CA 002381
                                                FLA BAR NO.: 0739685
        Plaintiff,

v.

FLORIDA DEPARTMENT                              SUMMONS
OF HEALTH,

        Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

        **FLORIDA DEPARTMENT OF HEALTH**
        **c/o Louise St. Laurent, General Counsel**
        **4052 Bald Cypress Way**
        **Tallahassee, FL 32399**

        Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

                DATED on _____, 2020.



                                                CLERK OF THE CIRCUIT COURT

                                                By: _____  ı 12/29/2020

                                                Deputy Clerk

                                                EXHIBIT "B"

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**

SHANTRICE GREENE

      Plaintiff,

                                          Case No. 2020-CA-002381

vs.

FLORIDA DEPARTMENT OF HEALTH

      Defendant.

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned hereby notices the appearance of Henry Buchanan, P.A., and its attorneys, Dawn M. McMahon and Jacob M. Salow on behalf of Defendant, FLORIDA DEPARTMENT OF HEALTH. The undersigned respectfully requests inclusion with the party's service list respective to this cause.

Dated this 9th day of March 2021.

HENRY BUCHANAN, P.A.

*s/ Dawn M. McMahon*
DAWN M. MCMAHON
Florida Bar No. 735531
dmcmahon@henryblaw.com
Jacob M. Salow
Florida Bar No. 1019760
jsalow@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:    (850) 222-2920
Facsimile:    (850) 224-0034
Attorneys for Defendant
*Florida Department of Health*

**EXHIBIT "C"**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail service and U.S. Mail to Marie A. Mattox, Marie A Mattox, P.A. 203 N. Gadsden Street, Tallahassee, Florida 32301on this 9th day of March 2021.

*s/ Dawn M. McMahon*
Attorney